SIPUEL v. BOARD OF REGENTS OF UNIVERSITY OF OKLAHOMA et al.

No. 32756. Jan. 17, 1948.

*190 P. 2d 437.*

Amos T. Hall, of Tulsa, and Thurgood Marshall and Robert C. Carter, both of New York, N. Y. (Franklin H. Williams, of New York, N. Y., of counsel), for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., and Maurice H. Merrill and John B. Cheadle, both of Norman, for defendants in error.

PER CURIAM. On April 29, 1947, this court affirmed the district court of Cleveland county, Oklahoma, denying a writ of mandamus sought by Ada Lois Sipuel, a negro, in a proceeding by which she sought to compel her enrollment and admission as a student in the law school of the University of Oklahoma.

The Supreme Court of the United States reversed the judgment of this court by its opinion which follows:

"In the Supreme Court of the United States, Monday, January 12, 1948

"No. 369 — October Term, 1947

"Ada Lois Sipuel, Petitioner,
v.
"Board of Regents of the University of Oklahoma, et al., Respondents.

On Writ of Certiorari to the Supreme Court of the State of Oklahoma

"PER CURIAM. On January 14, 1946, the petitioner, a negro, concededly qualified to receive the professional legal education offered by the State, applied for admission to the School of Law of the University of Oklahoma, the only institution for legal education supported and maintained by the taxpayers of the State of Oklahoma. Petition's application for admission was denied solely because of her color.

"Petitioner then made application for a writ of mandamus in the District Court of Cleveland County, Oklahoma. The writ of mandamus was refused, and the Supreme Court of the State of Oklahoma affirmed the judgment of the District Court. 199 Okla. 36, 180 P. 2d 135. We brought the case here for review.

"The petitioner is entitled to secure legal education afforded by a state institution. To this time, it has been denied her although during the same period many white applicants have been afforded legal education by the State. The State must provide it for her in conformity with the equal protection clause of the Fourteenth Amendment and provide it as soon as it does for applicants of any other group. Missouri ex rel. Gaines v. Canada 305 U. S. 337 (1938).

"The judgment of the Supreme Court of Oklahoma is reversed and the cause is remanded to that court for proceedings not inconsistent with this opinion.

"The mandate shall issue forthwith."

The Supreme Court of the United States in the Gaines case, citing many

of its former opinions, reaffirmed the Constitutions and laws of states creating separate schools, saying:

"In answering petitioner's contention that this discrimination constituted a denial of his constitutional right, the state court has fully recognized the obligation of the state to provide negroes with advantages for higher education substantially equal to the advantages offered to white students. The state has sought to fulfill that obligation by furnishing equal facilities in separate schools, a method the validity of which has been sustained by our decisions."

That court has not since held to the contrary.

The Oklahoma State Regents for Higher Education is the only authority empowered by Constitution and statutes, on behalf of the State of Oklahoma, to provide legal education in a state institution for petitioner as soon as applicants of any other group of persons of this state may be enrolled and admitted to secure legal education in a state institution.

On January 15, 1948, the said Board filed in this court its motion seeking to be made a party and requesting us to define its powers and duties and direct it in the premises. Accordingly on January 16, 1948, the said Board of Regents, by order of this court, was made a party to the proceedings.

Said Board of Regents is hereby directed, under the authority conferred upon it by the provisions of article 13-A, Constitution of the State of Oklahoma, and Title 70 O. S. 1941 §§1976, 1979, to afford to plaintiff, and all others similarly situated, an opportunity to commence the study of law at a state institution as soon as citizens of other groups are afforded such opportunity, in conformity with the equal protection clause of the Fourteenth Amendment of the Federal Constitution and with the provisions of the Constitution and statutes of this state requiring

segregation of the races in the schools of this state. Art. 13, sec. 3, Constitution of Oklahoma; 70 O. S. 1941 §451-457.

Reversed, with directions to the trial court to take such proceedings as may be necessary to fully carry out the opinion of the Supreme Court of the United States and this opinion. The mandate is ordered to issue forthwith.

Reversed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, GIBSON, ARNOLD and LUTTRELL, JJ., concur.